UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ADAM DANIEL SHEPHERD, | ) |
| | ) |
| Movant, | ) |
| | ) |
| VS. | ) Civil Action No: SA-12-CR-643-XR |
| | ) |
| UNITED STATES OF AMERICA, | ) |

**ORDER**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed August 7, 2015 (docket no. 77) and Movant's objections thereto (docket no. 79).  After careful consideration, the Court will not accept the recommendation that the motion to vacate be granted.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  In this case the Court has conducted a de novo review.

On September 16, 2002, Shepherd was indicted by a Maricopa, Arizona Grand Jury with one count of Indecent Exposure and one count of Public Sexual Indecency to a minor.  The State of Arizona alleged that after Shepherd dropped his stepson off at a local elementary school, he

1

drove off in his car and approached an eleven year old girl who was walking to the school, asked her if she went to the school, and then asked her if she saw his exposed penis as he masturbated. He allegedly engaged in the same conduct the next day when he exposed himself to a nine-year old girl. On January 1, 2003, Shepherd pled guilty to and was sentenced for violating Ariz. R. S. §§ 13-1001, 13-1403, which state, in relevant part, as follows:

> 13-1403. Public sexual indecency; public sexual indecency to a minor; classification
>
> A. A person commits public sexual indecency by intentionally or knowingly engaging in any of the following acts, if another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act:
>
> 1. An act of sexual contact.
>
> 2. An act of oral sexual contact.
>
> 3. An act of sexual intercourse.
>
> 4. An act of bestiality.
>
> B. A person commits public sexual indecency to a minor if the person intentionally or knowingly engages in any of the acts listed in subsection A of this section and such person is reckless about whether a minor who is under fifteen years of age is present.
>
> 13-1001. Attempt; classifications
>
> A. A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:
>
> 1. Intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be; or
>
> 2. Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense; or
>
> 3. Engages in conduct intended to aid another to commit an offense, although the offense is not committed or attempted by the other person, provided his conduct would establish his complicity

>under chapter 3 if the offense were committed or attempted by the other person.

Shepherd was sentenced to lifetime probation and a lifetime duty to register as a sex offender. Pursuant to the plea agreement and Judgment, Shepherd was required to register as a sex offender pursuant to Ariz. R. S. § 13-3821. Shepherd registered in Arizona in 2003.

At some point Shepherd moved to Nevada, where he was convicted for indecent exposure in violation of Nevada Rev. Stat. 201.220. He exposed himself multiple times in a two-day period to both adults and children near schools. He was sentenced to 34 months and was required to register as a sex offender. He registered in Nevada in 2010. He failed to notify Nevada authorities that he left the state.

On July 11, 2012, Shepherd was indicted in the Western District of Texas and charged with violating 18 U.S.C. § 2250(a)(failure to register). Specifically, the indictment alleged that from August 2011 through June 15, 2012, Shepherd was living in this district and failed to register as required by the Sex Offender Registration and Notification Act (SORNA). On September 24, 2012, he pled guilty to the charge. A sentencing hearing was held on December 19, 2012 and he was sentenced to 24 months imprisonment and 30 years of supervised release. He filed an appeal to the Fifth Circuit Court of Appeals, but only complained of the 30 year supervised release term imposed. The sentence was affirmed.

On October 30, 2014, Shepherd filed the pending motion to vacate. In this motion he argues that he was living in Nevada and notified Nevada authorities that he was leaving that state "with no other state in mind to move to and that I will register if law states I need to." He argues that the State of Texas does not require him to register as a sex offender and that he has "signed

documents from the Attorney General in Austin, Texas stating that I do not have to register." He argues that his trial counsel was ineffective for not discovering that he was not required to register in Texas. He further argues that his appellate counsel was ineffective for not raising the issue on appeal. The U.S. Attorney argues that movant was properly sentenced and the Texas Department of Public Safety (DPS) erred in opining that movant was not required to register.

The Sex Offender Registration and Notification Act (SORNA), Title I of the Adam Walsh Child Protection & Safety Act was passed in 2006. Since the Act's passage, various jurisdictions have implemented SORNA. Texas has not fully adopted SORNA. When an out of state offender moves to Texas, they are required to register if they fall within the requirements of Texas Code of Criminal Procedure Chapter 62.

Article 62.001(5) defines "reportable conviction or adjudication" as a conviction or adjudication for specifically identified Texas sex offenses or offenses containing a sexual component. The definition of "reportable conviction or adjudication" also includes a "violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of [an enumerated Texas offense], but not if the violation results in deferred adjudication."

"Although the Texas sex offender registration program is generally complex, the plain language of articles 62.001 and 62.003 clearly demonstrates the Legislature's intent that whether an extra-jurisdictional conviction or adjudication triggers a person's duty to register is controlled by a DPS determination pursuant to article 62.003." *Crabtree v. State*, 389 S.W.3d 820, 826 (Tex. Crim. App. Oct. 31, 2012).

Convicted sex offenders who moves to Texas could be required to register if Texas had reciprocal registration agreements. *See Crabtree v. State*, 2013 WL 163464 at *8 (Tex. Crim. App. Jan. 16, 2013)(J. Cochran dissenting). DPS, however, does not currently have, nor has it ever had, a reciprocal registration agreement with any state.[1]

In June 2012, it was the position of the Texas Department of Public Safety that Shepherd was required to register, concluding that his Arizona conviction for attempted public sexual indecency to a minor was substantially similar to Texas's attempted indecency with a child by exposure. DPS was of the opinion that Shepherd's Nevada conviction was not a basis for Texas registration. Given the DPS interpretation at that time, the federal indictment in this case was brought.

On January 6, 2015, a DPS attorney opined that Shepherd was not required to register because of the holding in *Texas Dept. of Public Safety v. Anonymous Adult Texas Resident*, 382 S.W.3d 531 (Tex. App.–Austin Aug. 30, 2012, no pet.). In that case, the Austin Court of Appeals concluded "that the elements of the Massachusetts indecency offense are not substantially similar to the elements of the Texas offense of sexual assault. Comparison of the elements does not reveal 'high degree of likeness.' Although both crimes encompass intentional behavior, the nature of the sexual conduct criminalized under the two statutes is markedly different. The 'indecent touching' of clothed or unclothed parts of the anatomy encompassed by the Massachusetts statute differs significantly from the 'contact or penetration' of a person's 'anus' or 'sexual organ' required under [Texas] section 22.011(a)(1)." 382 S.W.3d at 538.

---

[1] http://dps.texas.gov/administration/crime_records/crNewsletters/2012/crNews3rdQtr12.pdf

In addition to its holding, the Austin Court restated some propositions of law that are applicable here. "For a foreign statute to be substantially similar to a reportable SORA offense, the elements being compared ... must display a high degree of likeness, but may be less than identical." *Id*. at 535. Further, the "high degree of likeness" required "must involve more than similarity in merely 'a general sense.'" *Id*. at 536 "[T]he elements must be substantially similar with respect to the individual or public interests protected and impact of the elements on the seriousness of the offenses.'" *Id*. "Whether or not the statutes are substantially similar is a question of law." *Id*.

This Court concludes that the DPS erred in concluding in January 2015 that Shepherd was not required to register. Ariz. R. S. § 13-1403 is substantially similar to Texas Penal Code § 21.11. Unlike *Texas Dept. of Public Safety v. Anonymous Adult Texas Resident*, which dealt with section 21.11(a)(1)(engaging in sexual contact), the proper analysis in this case begins with section 21.11(a)(2), which states: "(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person: … (2) with intent to arouse or gratify the sexual desire of any person: (A) exposes the person's anus or any part of the person's genitals, knowing the child is present."

To prove indecency with a child by exposure under section 21.11(a)(2) of the Texas Penal Code, the State must prove: (1) the child was younger than 17 years and not the spouse of the accused; (2) the accused exposed any part of his genitals; (3) knowing the child was present; (4) with intent to arouse or gratify the sexual desire of any person. *Breckenridge v. State*, 40 S.W.3d 118, 128 (Tex. App. – San Antonio 2000, pet. ref'd). The requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, remarks, and all surrounding circumstances. *Id*.

Under Ariz. Rev. S. 13-1403, a person commits public sexual indecency by intentionally or knowingly engaging in an act of sexual contact. The phrase "sexual contact" has been interpreted by Arizona courts to include a defendant masturbating in public or exposing his penis in public. See *State v. Davis*, 226 Ariz. 97, 98, 244 P.3d 101, 102 (Ct. App. 2010); *State v. Jannamon*, 169 Ariz. 435, 819 P.2d 1021 (Ct. App. 1991); *State v. Malott*, 169 Ariz. 518, 821 P.2d 179 (Ct. App. 1991); *State v. Whitaker*, 164 Ariz. 359, 793 P.2d 116 (Ct. App. 1990).

Comparing the elements of the Texas and Arizona statutes, the elements display a high degree of likeness and are substantially similar with respect to the individual or public interests protected and impact of the elements on the seriousness of the offenses.

## Conclusion

After conducting a de novo review, the Court does not accept the Magistrate Judge's recommendation, overrules the movant's objections, and denies the motion to vacate (docket no. 51). The Clerk is directed to close this case.

SIGNED this 1st day of September, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE